UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

File No. 7:21-CR-93-FL-001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **SENTENCING MEMORANDUM** |
| | ) | **AND MOTION FOR DEPARTURE** |
| | ) | **OR VARIANCE (U.S.S.G. 5K2.0;** |
| ROYDERA HACKWORTH, | ) | **5H1.5; 5H1.6 & 18 U.S.C. 3553)** |
| Defendant. | ) | |

NOW COMES the defendant, ROYDERA HACKWORTH, by and through undersigned counsel, and respectfully moves this Honorable Court for a departure/variance from the established advisory Guideline range, pursuant to U.S.S.G. 5K2.0, 5H1.5, 5H1.6 and 18 U.S.C. 3553 (a) (1) through (7).

In addition to a motion for downward departure/variance, Mrs. Hackworth respectfully requests that this Court consider information pursuant to 18 U.S.C. 3553 (a) before it imposes an appropriate sentence in this case.

Based upon the combination of a sufficient equitable basis, the stipulation between the Defendant and the United States Government regarding the applicability of U.S.S.G. 5K2.0, as well as the Government's sentencing recommendation, the Defendant requests this Honorable Court to decide upon a probationary sentence.

### STATEMENT OF FACTS

Roy Hackworth is sixty-two (62) years of age, born on September 18,1959 in Mobile, Alabama, where she was raised, along with her three siblings, by her loving parents. She had as

much of an ordinary childhood as young black child could have in the South during that time in our nation's history, enjoying her education and church activities and growing up with an early-acquired intent to pursue education as a means of advancing in an uncertain world.

Roy is proud to have been the first child in her immediate family to attend college and receive a STEM degree, successfully obtaining her Bachelor of Arts degree in chemistry from Boston University in 1981 at the age of twenty-one (21). Using her degree and skills as a young chemist, she landed a job working for Ciba-Geigy, a Swiss pharmaceutical company and predecessor to Novartis and Syngenta. She was happy in her work, did well, was promoted, until one day after being there for twelve (12) years, her boss suggested that if she wished to attend law school, they would pay for her to do so. It was an offer for advancement impossible to turn down, and while continuing to work forty (40) hours a week job, she attended law school classes at night and received her *juris doctor* degree in 1996 from North Carolina Central University. Though she loved being a chemist, she was excited to pivot her life's direction to being an attorney.

As an attorney, Roy did not enjoy as much financial success as she did in her first job, but she found something of more value to her; the opportunity to help people. Active in her church and seeing an unmet need of vulnerable people that also attended where she worshipped, people began asking her to help them with their immigration applications and over the ensuing years, she developed an immigration practice and assisted many in their efforts to improve their status. Towards the end of her legal career, Roy underwent an extended evaluation by the North Carolina State Bar that resulted in a suspension of her license and while she was suspended, she exercised poor judgment and committed the instant crime for which she is being punished. It is notable that the Government's exhaustive investigation uncovered no evidence of applicants

seeking improved immigration status or entry to this country that were ineligible for the relief Roy sought on their behalf. In other words, though she unquestionably made errors in judgment and has admitted guilt for the offense for which she was charged, at no time was any applicant ineligible for the relief Roy labored to get for them.

Roy maintained her law degree from 1997 forward to 2021, when she relinquished it to the North Carolina State Bar as a part of this matter.

Finally, it should be mentioned that Roy has two wonderful daughters who are highly motivated to succeed and who are very close to both their parents. If there is any reason or merit in assessing a person based upon the positive qualities of their children, Roy would be a stand-out among most of us. Her oldest daughter graduated from the University of North Carolina at Wilmington in 2021 with a degree in environmental science and has a full-time job in her chosen vocation. Roy's other daughter is on a full scholarship as a pre-Med student at the University of North Carolina at Chapel Hill. These young ladies exhibit exceptional qualities of perseverance and life skills and owe some of their success, undoubtedly, to Roy who, despite the mistakes which bring her into this Court's purview, nonetheless set a positive example to them for what can be achieved in this country. And to an equal degree in setting a good example for her daughters, she understands and is ashamed of the poor example she has set in committing these offenses against the United States.

## LAW AND ANALYSIS

Since the implementation of the United States Sentencing Guidelines, federal sentencing law has endeavored to achieve as much similarity between similar defendants who commit similar offenses as possible in a system that relies upon human judgment. But understanding that rarely are two defendants and their criminal conduct identical, the law of sentencing has evolved

to better address the individual characteristics of defendants and the factual variations in their criminal conduct, resulting in a fairer and more just system of punishment. In *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 128 S.Ct. (2007), the United States Supreme Court instructs sentencing courts to first calculate the applicable Guideline range and then move on to consider the statutory factors set forth in 18 U.S.C. 3553 (a). By following this process, the shared value system of the United States of America, personified by the trial judges who sit in judgment over criminal defendants, is best represented. And pursuant to *United States v. Pauley*, 511 F 3d. 468 (4th Cir. 2007), parties to criminal cases are allowed to "argue for whatever sentence they deem appropriate." In that vein, Roy respectfully asks for a probationary sentence.

The advisory Guidelines set out specific offender characteristics that sometimes provide a basis upon which the sentencing court may depart from the ranges set out in the sentencing grids. The policy statements in the Guidelines suggest specifics such as employment history, education and vocational skills and sometimes allow courts to depart from the "heartland" of a conventional case.

In addition to promulgating the Guidelines, the Unted States Congress passed 18 U.S.C. 3553 (a) that lists the criteria that the Court must consider as it seeks to "impose a sentence sufficient, but not greater than necessary" to comply with the law. Among these are "the history and characteristics of the defendant."

Since the age of twenty-one and for nearly forty uninterrupted years, Roy has been a hard worker, first as a chemist for a large company and then as an attorney in the State of North Carolina. She has labored in her chosen field, has been married (until 2018), raised two remarkable daughters, and done her best to be a productive citizen. This is not to suggest that

she expects or deserves exoneration for her offenses, and she is prepared to accept, with grace and humility, the judgment this Honorable Court enters. She does wish to point out that, when she was approached by law enforcement in this case, she took the following actions:

- ➢ She cooperated with the officers, waived her rights to an attorney and answered their questions to the best of her ability. She also stayed in contact with them.
- ➢ Once she received a letter from the US Attorney's Office, she sought counsel for the purpose of finding an agreeable disposition to this case. She travelled to Raleigh and provided a complete statement, answering every question posed to her by federal law enforcement officers as well as the Assistant U.S. Attorney.
- ➢ She willingly signed a plea agreement early in the process and never sought to delay or obfuscate authority and has accepted the responsibility of her actions in every way she could.
- ➢ She remained out on pre-trial supervision and release, being fully compliant in every way with no infractions.

Of course, it should not be argued that doing what one should do merits commendation. But the above points are made simply to suggest that Roy would be the same type of probationer as she has been a defendant awaiting judgment, which is to say that she would be compliant with any and all conditions, would be mindful in every respect of her obligations, and would not waste the time or effort of those tasked with her supervision.

## CONCLUSION

For the reasons stated in this memorandum Mrs. Roy Hackworth respectfully requests that this Court adopt the stipulation agreed to by the parties relative to U.S.S.G. 5K2.0 and also that it adopt the United States Attorney's recommendation of imposing a probationary sentence.

Respectfully submitted this 2nd day of March, 2022.

## CERTIFICATE OF SERVICE

This is to certify that I have this 2nd day of March, 2022, served a copy of the foregoing upon:

**Sebastian Kilmanovich**
U.S. Attorney's Office
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Tel. (919) 856-4909

by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the above.

This the 2nd day of March 2022.

WOODY WHITE LAW FIRM P.L.L.C.

By: /S/ WOODY WHITE
Woody White
Attorney for Defendant
N.C. Bar No. 21302
2004 Eastwood Road, Suite #201
Wilmington, N.C. 28403
Tel.: (910) 239-9585
Fax: (910) 679-4522